✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

3:21 pm, Jul 28 2021
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy



DJD/DCG: USAO 2020R00256

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. PX21CR284 |
| CONRAD DARWIN D'HAITI, <br> PHILIP JAMES DUPREE, <br> MARK ROSS JOHNSON, JR., <br> MICHAEL ANTHONY OWEN, JR., <br> JARON EARL TAYLOR, and <br> CANDACE DANIELLE TYLER, | * (Conspiracy to Commit Bank Fraud, <br> 18 U.S.C. § 1349; Conspiracy to <br> Commit Mail and Wire Fraud, <br> 18 U.S.C. § 1349; Conspiracy to <br> Commit Wire Fraud, 18 U.S.C. <br> § 1349; Forfeiture, 18 U.S.C. <br> §§ 981(a)(1)(C) and 982(a)(2), 21 <br> U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| Defendants | * |

*******

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Bank Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1. **PHILIP JAMES DUPREE ("DUPREE")** was a police officer for the Fairmount Heights Police Department in Maryland.

2. **MARK ROSS JOHNSON, JR. ("JOHNSON")** was a police officer for the Prince George's County Police Department ("PGPD") in Maryland.

3. **CANDACE DANIELLE TYLER ("TYLER")** was a police officer for PGPD.

4. Branch Bank and Trust Corporation ("BB&T"), a bank that had its deposits insured by the Federal Deposit Insurance Corporation, operated throughout the United States, including Maryland.

5. Navy Federal Credit Union ("NFCU"), a credit union that had its deposits insured by the National Credit Union Share Insurance Fund, operated throughout the United States, including Maryland.

6. Pentagon Federal Credit Union ("PFCU"), a credit union that had its deposits insured by the National Credit Union Share Insurance Fund, operated throughout the United States, including Maryland.

### The Conspiracy

7. From at least in or about May 2019 until in or about June 2019, in the District of Maryland and elsewhere, the defendants,

**PHILIP JAMES DUPREE,
MARK ROSS JOHNSON, JR., and
CANDACE DANIELLE TYLER,**

did knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to execute and attempt to execute a scheme and artifice to defraud BB&T, NFCU, and PFCU (collectively, "the victim financial institutions"), and to obtain monies, funds, credits, assets, and securities owned by, and under the custody and control of, the victim financial institutions, by means of materially false and fraudulent pretenses, representations, and promises ("the scheme to defraud"), in violation of 18 U.S.C. § 1344.

### Manner and Means of the Conspiracy and Scheme to Defraud

It was part of the conspiracy and scheme to defraud that:

8. Members of the conspiracy, including **DUPREE**, **JOHNSON**, and **TYLER**, coordinated the withdrawal of money from their financial accounts through ATMs for the purpose of fraudulently claiming that the money was stolen and seeking reimbursement from a financial institution.

9. Members of the conspiracy, including **DUPREE**, **JOHNSON**, and **TYLER**, coordinated the submission of PGPD police reports that falsely stated that their ATM cards were stolen and used to withdraw funds without their permission.

10. Members of the conspiracy, including **DUPREE**, **JOHNSON**, and **TYLER**, submitted fraudulent claims to the victim financial institutions to seek reimbursement for the purportedly unauthorized ATM withdrawals.

18 U.S.C. § 1349

## COUNT TWO
### (Conspiracy to Commit Mail and Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1. **CONRAD DARWIN D'HAITI ("D'HAITI")** was a former police officer for PGPD and a police officer with Maryland-National Capital Park Police.

2. **MICHAEL ANTHONY OWEN, JR. ("OWEN")** was a police officer for PGPD.

3. Liberty Mutual was an insurance company headquartered in Boston, Massachusetts, that provided vehicle insurance throughout the United States, including Maryland.

### The Conspiracy

4. In or about January 2020, in the District of Maryland and elsewhere, the defendants,

**CONRAD DARWIN D'HAITI and
MICHAEL ANTHONY OWEN, JR.,**

did knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to commit mail fraud and wire fraud, that is:

    a. to devise a scheme and artifice to defraud Liberty Mutual, and to obtain money and property from Liberty Mutual by means of false and fraudulent pretenses, representations, promises, and material omissions ("the mail scheme to defraud"), and for the purpose of executing and attempting to execute the mail scheme to defraud to place in any post office or authorized depository for mail matter, any matter and thing whatever to be sent and delivered by the Postal Service, and deposit and cause to be deposited any matter and thing whatever to be sent and delivered by any private and commercial interstate carrier, and to take and receive therefrom any such matter and thing, and to knowingly cause to be delivered by mail and

4

such carrier according to the direction thereon, and at the place at which it is addressed, any such matter and thing, in violation of 18 U.S.C. § 1341;

      b.    to devise a scheme and artifice to defraud Liberty Mutual, and to obtain money and property from Liberty Mutual by means of false and fraudulent pretenses, representations, promises, and material omissions ("the wire scheme to defraud"), and for the purpose of executing and attempting to execute the wire scheme to defraud to transmit and cause to be transmitted by means of wire communication, in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

### Manner and Means of the Conspiracy and Schemes to Defraud

It was part of the conspiracy and mail scheme to defraud and wire scheme to defraud that:

5.    Members of the conspiracy, including **D'HAITI** and **OWEN**, coordinated the relocation and vandalism of **D'HAITI**'s vehicle for the purpose of filing a fraudulent insurance claim.

6.    Members of the conspiracy, including **D'HAITI** and **OWEN**, coordinated the submission of a PGPD police report that falsely stated that **D'HAITI**'s vehicle was stolen.

7.    **D'HAITI** submitted an insurance claim and documents to Liberty Mutual by mail and wire communications to seek reimbursement for the vehicle that was reported as stolen.

18 U.S.C. § 1349

## COUNT THREE
### (Conspiracy to Commit Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1. Paragraph 2 of Count Two is incorporated here.

2. **JARON EARL TAYLOR ("TAYLOR")** was a police officer for the Anne Arundel County Police Department in Maryland.

3. GEICO was an insurance company headquartered in Chevy Chase, Maryland, that provided vehicle insurance throughout the United States, including Maryland.

### The Conspiracy

4. In or about January 2020, in the District of Maryland and elsewhere, the defendants,

**MICHAEL ANTHONY OWEN, JR., and
JARON EARL TAYLOR,**

did knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to commit wire fraud, that is, to devise a scheme and artifice to defraud GEICO, and to obtain money and property from GEICO by means of materially false and fraudulent pretenses, representations, promises, and material omissions ("the scheme to defraud"), and for the purpose of executing and attempting to execute the scheme to defraud to transmit and cause to be transmitted by means of wire communication, in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

### Manner and Means of the Conspiracy and Scheme to Defraud

It was part of the conspiracy and scheme to defraud that:

5. Members of the conspiracy, including **OWEN** and **TAYLOR**, coordinated the relocation of a vehicle in a garage to hide the vehicle for the purpose of filing a fraudulent insurance claim.

6. Members of the conspiracy, including **OWEN** and **TAYLOR**, moved the vehicle to a garage.

7. Members of the conspiracy, including **OWEN**, submitted a PGPD police report that falsely stated that the vehicle was stolen.

8. A known co-conspirator submitted an insurance claim to GEICO to seek reimbursement for the vehicle that was reported as stolen.

18 U.S.C. § 1349

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendants' conviction on any of the offenses alleged in Counts One through Three of this Indictment.

### Bank Fraud Forfeiture

2. Upon conviction the offense set forth in Count One of this Indictment, the defendants,

**PHILIP JAMES DUPREE,**
**MARK ROSS JOHNSON, JR., and**
**CANDACE DANIELLE TYLER,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as the result of such offense.

### Wire Fraud and Mail Fraud Forfeiture

3. Upon conviction of any of the offenses set forth in Counts Two and Three of this Indictment, the defendants,

**CONRAD DARWIN D'HAITI,**
**MICHAEL ANTHONY OWEN, JR., and**
**JARON EARL TAYLOR,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

## Substitute Assets

4.      If, as a result of any act or omission of the defendants, any of the property described above as being subject to forfeiture:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Jonathan F. Lenzner*
Jonathan F. Lenzner
Acting United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

**SIGNATURE REDACTED**

Date: July 28, 2021